IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                                            Civ. No. 12-468 JP/RHS
                                                             Crim. No. 09-2782 JP

DANIEL F. MILLS,

    Defendant-Movant.

MEMORANDUM OPINION AND ORDER

On September 13, 2012, the Honorable United States Magistrate Judge Robert Hayes Scott filed MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. No. 16) (PFRD) concluding that Defendant-Movant Mills' MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Doc. No. 1) (Motion), filed May 2, 2012, should be denied and that this case should be dismissed with prejudice. On October 5, 2012, Mills filed a REQUEST FOR RECONSIDERATION IN LIGHT OF JUDGE'S RECOMMENDATIONS (Doc. No. 20) (Objections).[1] The Court notes that Mills has three other pending motions: Request for Appointment OF COUNSEL (Doc. No. 14); MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 15); and MOTION FOR STAY OF JUDGMENT AND TEMPORARY SUSPENSION OF PROCEEDINGS (Doc. No. 21). The Court will first conduct a *de novo* review of the PFRD and address Mills' Objections to the PFRD. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the . . . specified proposed findings or

---

[1] Mills timely filed these Objections. *See* ORDER GRANTING EXTENSION (Doc. No. 19) (Mills had until October 19, 2012 to file objections).

recommendations to which objection is made.").

*A. Mills' Motion and Claims*

A federal jury convicted Mills on November 3, 2010 of one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On March 3, 2011, the Court sentenced Mills to 48 months of imprisonment. Mills appealed the conviction on the basis, among other things, that the Court erred in denying Mills' motion to suppress in which Mills asserted that police violated his Fourth Amendment rights by unlawfully conducting a traffic stop of Mills and subsequently discovering a firearm and ammunition in Mills' vehicle. Then, on September 13, 2011, Mills withdrew the appeal.

While the federal case against Mills was pending, Mills was also indicted in state court for crimes related to the same traffic stop which resulted in the federal indictment and conviction. On November 18, 2011, the state court judge granted Mills' state motion to suppress and the case was ultimately dismissed.

In Ground One of the Motion, Mills alleges that appellate counsel deprived him of his Sixth Amendment right to effective assistance of counsel by deceiving him and convincing him to withdraw his appeal. Mills contends specifically that appellate counsel deceived him by stating that "'[e]vidence obtained by STATE Agents in a [sic] unreasonable search and seizure are admissible in a Federal criminal trial.'" Motion at 4.

In Ground Two of the Motion, Mills asserts that his trial counsel deprived him of his Sixth Amendment right to effective assistance of counsel by failing to object to ¶¶ 20 and 21 of his Presentence Report (PSR). Paragraph 20 of the PSR established a sentencing base offense level of 24 because Mills had two previous felony convictions of crimes of violence. *See*

U.S.S.G. § 2K2.1(a)(2). [2]  According to ¶ 20 of the PSR, the two felony convictions occurred when Mills pled guilty on May 3, 2001 to state charges of aggravated assault on a peace officer (Count I of Cr. 00-2979) and attempted aggravated battery on a household member (Count I of the Information in Cr. 00-4311).  Paragraph 21 of the PSR enhanced the base offense level by four levels because Mills possessed a firearm in connection with a drug trafficking offense.  *See* U.S.S.G. § 2K2.1(b)(6).

In Ground Three of the Motion, Mills contends that his trial counsel deprived him of his Sixth Amendment right to effective assistance of counsel by failing to allow him "to take advantage of the acceptance of responsibility" reduction to further decrease the base offense level of his sentence.  Motion at 6.

In Ground Four of the Motion, Mills argues that he is actually innocent of the federal crime because his previous state felony convictions had been dismissed.  Consequently, he could not be a "felon" in possession of a firearm and ammunition.

In addition to these claims, Mills raises other claims in subsequent pleadings.  Mills alleges that he was also actually innocent of the federal crime because the traffic stop was illegal under the Fourth Amendment.  Moreover, Mills alleges that the federal indictment was insufficient and violated the Fifth Amendment since his prior felony convictions had been dismissed.

---

[2]The Court refers to the United States Sentencing Guidelines which became effective on November 1, 2010.  *See* U.S.S.G. §1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

*B. Mills' Objections*

In reviewing Mills' objections and the PFRD *de novo*, the Court finds it necessary to modify the PFRD to adequately address Mills' concerns.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may . . . modify, in whole or in part, the findings or recommendations made by the magistrate judge.").  These modifications are reflected in this MEMORANDUM OPINION AND ORDER and are deemed to be incorporated into the PFRD.

Mills first contends that Judge Scott erroneously stated that Mills had pled guilty in state court to "(1) Count I of Cr. 00-2979, a felony; and (2) Count 2 of Cr. 00-4311, a felony . . . ." PFRD at 5.  Mills argues that those counts were misdemeanors.  The state JUDGMENT, SENTENCE, AND ORDER PARTIALLY SUSPENDING SENTENCE (Judgment) indicates that Mills pled guilty to Count I of Cr. 00-2979, a felony, and to Count II of Cr. 00-4311, a misdemeanor.  Doc. 1 at 18.  Mills, however, also pled guilty to another felony, Count I of the Information of CR. 00-4311.  *Id*.  Although Judge Scott mistakenly referred to Count II of Cr. 00-4311 as a felony, the Judgment clearly shows that Mills pled guilty to a total of two state felonies.  This MEMORANDUM OPINION AND ORDER will modify the PFRD to correctly indicate which state felony crimes Mills pled guilty to.

Next, Mills objects to Judge Scott's conclusions that ¶ 20 of the PSR is valid and that Mills' acceptance of responsibility argument is without merit. Mills specifically argues that ¶ 20 of the PSR should have reflected a sentencing base offense level of 20, not 24.  A level 20 is allowed under U.S.S.G. § 2K2.1(a)(4)(A) if there is one prior felony conviction of a crime of violence.  Here, the Judgment indicates two prior felony convictions of crimes of violence which raise the base offense level to 24 under U.S.S.G. § 2K2.1(a)(2).  Mills also argues that if he had been given the opportunity to accept responsibility, his base offense level would have been

further reduced. Judge Scott correctly rejected this argument because the acceptance of responsibility reduction does not apply in a case like this where the defendant chose to go to trial instead of pleading guilty. *See* PFRD at 9-10; Application Note 2, U.S.S.G. § 3E1.1.

Additionally, Mills implies for the first time that the Court improperly counted suspended state sentences in calculating his criminal history points. However, ¶¶ 29 and 30 of the PSR indicate that the probation officer relied on the "actual term of three years custody" which is the term of state imprisonment Mills was sentenced to serve. *See* Doc. No. 1 at 19 ("The actual term to be served is: 3 years . . . .").

Mills continues to assert in his Objections, as he did in Ground Two of his Motion, that the Court erred when it enhanced his sentence by four levels under U.S.S.G. § 2K2.1(b)(6), ¶ 21 of the PSR, for possessing a firearm in connection with a drug trafficking crime. Judge Scott, however, did not directly address this particular claim in the PFRD. Hence, the Court modifies the PFRD to include the following discussion on this claim.

Mills argues first that the enhancement allowed under U.S.S.G. § 2K2.1(b)(6) does not apply if the defendant was not charged or convicted of a drug crime. This argument is not supported by the law. "An enhancement under U.S.S.G. § 2K2.1(b)(6) may be applied even though the felony in connection with which the firearm is possessed was not an offense for which the defendant was convicted." *United States v. Kepler*, ___ F.Supp.2d ___, 2012 WL 592422 *5 (D.N.M. 2012) (slip copy) (citing *United States v. Gambino-Zavala*, 539 F.3d 1221, 1230 n.3 (10th Cir. 2008)). Application Note 14(C) of U.S.S.G. § 2K2.1(b)(6) supports this interpretation of U.S.S.G. § 2K2.1(b)(6) as well by explaining that "another felony offense," i.e., drug trafficking in this case, "for purposes of subsection (b)(6), means any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, *regardless of whether a*

*criminal charge was brought, or a conviction obtained.*" Emphasis added.

Moreover, Mills argues that U.S.S.G. § 2K2.1(b)(6) does not apply because he did not have any drugs in his vehicle and that "[h]e just happen[ed] to be in the same parking lot with another person who was later found to have drugs." Objections at 7. Mills contends that he was not charged with any kind of conspiracy related to the person who had the drugs. Paragraph 21 of the PSR states the following to show a connection between drug trafficking and Mills' possession of a firearm and ammunition:

> On June 4, 2009, the Albuquerque Police Department (APD) was conducting surveillance of the defendant and his girlfriend, Monalisa Pollock. APD officers observed the defendant's and Ms. Pollock's vehicles parked at a gas station, in Albuquerque, New Mexico. The officers suspected the defendant and Ms. Pollack of drug trafficking because different individuals were approaching the vehicles. One officer observed the female, Monalisa Pollock, engage in a drug transaction and she was in possession of several rocks of cocaine base. Ms. Pollack had her two daughters, ages two and seven months inside her vehicle. The defendant has been Indicted [in state court] with the following: Count 1-Trafficking a Controlled Substance by Distribution (2nd Degree Felony); Count 2 & 3-Abandonment/Abuse of a Child (3rd Degree Felonies); Count 4-Conspiracy to Traffic a Controlled Substance, to wit. Cocaine; Count 5 & 6-Conspiracy Abuse of a Child (4th Degree Felonies) . . . .

The Court notes that "[i]f a defendant fails to specifically object to a fact in the PSR, the fact is deemed admitted by the defendant and the government need not produce additional evidence in support of the admitted fact." *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009) (citing *United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006)). Here, Mills did not object in his sentencing memorandum to the facts in ¶ 21 of the PSR and Mills' trial counsel agreed with the substance of those facts in the sentencing memorandum. *See* DEFENDANT DANIEL MILLS' SENTENCING MEMORANDUM (Cr. Doc. No. 104) at 1-2.[3] Additionally, Mills

---

[3]References to a "Cr. Doc. No." are to docketed pleadings in *United States v. Mills*, Cr. No. 09-2782 JP.

specifically indicated at the sentencing hearing that all of the factual statements in the PSR were "true and correct." Cr. Doc. No. 126 at 2. The Court, therefore, accepts the factual statements in ¶ 21 of the PSR as admitted by Mills.

Application Note 14(B) of U.S.S.G. § 2K2.1(b)(6) explains that U.S.S.G. § 2K2.1(b)(6) applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs" because the firearm's presence "has the potential of facilitating another felony offense . . . ." In this situation, "possession of a firearm may facilitate an offense by emboldening the possessor to commit the offense." *United States v. Justice*, 679 F.3d 1251, 1255 (10th Cir. 2012) (citations omitted). U.S.S.G. § 2K2.1(b)(6) is inappropriate, however, if possession of the firearm "is coincidental or entirely unrelated to the offense." *United States v. Gomez-Arrellano*, 5 F.3d 464, 466-67 (10th Cir. 1993).

In this case, Mills' firearm and ammunition were in close proximity to the drugs in his girlfriend's car when Mills and his girlfriend parked their vehicles at the gas station. Surely, the range of Mills' firearm would have reached the area around his girlfriend's vehicle as well as most, if not all, of the parking lot. Although Mills himself did not have drugs, it would be reasonable to conclude that he was there to protect the drugs his girlfriend possessed. It would be disingenuous to believe that it was coincidental that Mills "happened" to be parked at the gas station at the same time his girlfriend was parked there selling drugs. Additionally, contrary to Mills' assertion, ¶ 21 of the PSR indicates that Mills was indeed charged in state court with conspiracy, presumably involving his girlfriend, to traffic cocaine. Mills' claim that the Court should not have given him a four level enhancement under U.S.S.G. § 2K2.1(b)(6) is without merit.

Finally, Mills objects to Judge Scott's rejection of Mills' claim that the Court erred by denying his motion to suppress.  Since Mills first raised that claim on appeal and then withdrew the appeal, the Court must consider whether procedural default now bars the Court from considering that claim.  Procedural default is based on the premise that a § 2255 motion is not the proper avenue for raising a claim which could have been raised on a direct appeal.  *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *United States v. Cook*. 997 F.2d 1312, 1320 (10th Cir. 1993)).  "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  *Id.*

Mills contends in his Motion that he would not have withdrawn the appeal if his appellate counsel had provided effective assistance of counsel.  The Court construes this contention as the alleged "cause" for excusing procedural default under the cause and prejudice analysis.  *See Gonzales v. Hartley*, 396 Fed. Appx. 506, 508 (10th Cir. 2010) (unpublished decision) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)) ("It is surely true that ineffective assistance of counsel can constitute the 'cause' necessary to excuse procedural default . . . .").  Mills, however,  does not object to Judge Scott's determination that appellate counsel was not ineffective when she persuaded Mills to withdraw the appeal.  *See* PFRD at 6-7.  Hence, Mills is deemed to have accepted Judge Scott's factual finding that Mills' appellate counsel's advice to withdraw the appeal was not deceitful or deficient.  *See Johnson v. Barnhart*, 402 F.Supp.2d 1280, 1282 (D. Kan. 2005) (citing *Campbell v. United States District Court for the Northern Dist. Of California*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974)) ("Those parts of the report and recommendation to which there has been no objection are taken as true

and judged on the applicable law."). Without a finding of deceit or deficient performance, Mills' ineffective assistance of appellate counsel claim fails and therefore, his "cause" for procedural default is without merit. Mills does not meet the cause and prejudice standard for defeating procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986) (if there is no cause, then the court need not address the issue of prejudice).

      To escape procedural default on the basis of a fundamental miscarriage of justice, Mills must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense.'" *Gonzales*, 396 Fed. Appx. at 508 (quoting *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (internal quotation marks omitted)). This narrow standard requires Mills to "'support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" *Arrington v. Williams*, 195 Fed. Appx. 761, 762 (10th Cir. 2006) (unpublished decision) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). This new evidence must be "so persuasive that 'more likely than not, ... no reasonable juror would find him guilty beyond a reasonable doubt.'" *Id.* at 763 (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)). The Court must examine "the petitioner's innocence 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *Demarest v. Price*, 130 F.3d 922, 942 (10th Cir. 1997) (quoting *Schlup*, 513 U.S. at 326)). Needless to say, "[f]actual innocence requires a stronger showing than that necessary to establish prejudice" and is "'extremely rare.'" *Id.* (citing *Schlup*, 513 U.S. at 326); *Arrington*, 195 Fed. Appx. at 762 (quoting *Schlup*, 513 U.S. at 324).

9

Mills has not presented new reliable evidence that he did not possess the firearm and ammunition in his vehicle or that he was not a convicted felon at the time of his arrest. Even if there was a violation of the Fourth Amendment when the police stopped Mills, that constitutional violation probably did not result in the conviction of one who is actually innocent of the underlying substantive offense. The totality of the evidence shows that Mills was a felon in possession of a firearm and ammunition. Mills has, therefore, failed to show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the offense of a felon in possession of a firearm and ammunition. Consequently, Mills has not proven that the procedural default can be excused under the concept of a fundamental miscarriage of justice. Procedural default bars Mills' claim that the Court erred by denying his motion to suppress.

*C. Conclusion*

Having reviewed the PFRD *de novo* and Mills' Objections, the Court concludes that it will adopt the PFRD, as modified by this MEMORANDUM OPINION AND ORDER, and deny Mills' substantive objections. Consequently, the Court will deny Mills' Motion and dismiss this case with prejudice. Because the Court will dismiss this case with prejudice, Mills' Request for Appointment OF COUNSEL and MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255 will be denied as moot. Moreover, the Court will deny Mills' MOTION FOR STAY OF JUDGMENT AND TEMPORARY SUSPENSION OF PROCEEDINGS because it fails to convince the Court that

the outcome of this case should be any different than the Court has already determined.[4]

IT IS ORDERED that:

1.  the PFRD, as modified by this MEMORANDUM OPINION AND ORDER, is adopted by the Court;

2.  Mills' substantive Objections are denied;

3.  the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Doc. No. 1) is denied;

4.  this lawsuit will be dismissed with prejudice;

5.  Mills' Request for Appointment OF COUNSEL (Doc. No. 14) is denied as moot;

6.  Mills' MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 15) is denied as moot; and

7.  Mills' MOTION FOR STAY OF JUDGMENT AND TEMPORARY SUSPENSION OF PROCEEDINGS (Doc. No. 21) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Mills attached to his MOTION FOR STAY OF JUDGMENT AND TEMPORARY SUSPENSION OF PROCEEDINGS the docket sheets for state cases Cr. 00-2929 and Cr. 00-4311. Mills argues that the docket sheets show that he was convicted of one felony and that his sentencing base offense level should, therefore, be reduced to 20 under U.S.S.G. § 2K2.1(a)(4)(A). The docket sheets, however, still show that Mills pled guilty to two felonies. *See* Doc. No. 21 at 6 and 10 ("DEF PLED GUILTY TO . . . CT 1 OF INFORMATION IN CR 00-4311 AND CT 1 OF INDICTMENT 00-2979").